UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO VALENZUELA,<br><br>               Plaintiff,<br><br>     v.<br><br>THORNTONA, et al.,<br><br>               Defendants. | No. 2:23-cv-02494-DAD-EFB (PC)<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF Nos. 2, 6.

Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

1   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3   relief." *Id.* § 1915A(b).

4          A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11  U.S. 662, 679 (2009).

12         To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

15  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

16  678.

17         Furthermore, a claim upon which the court can grant relief must have facial plausibility.

18  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

19  content that allows the court to draw the reasonable inference that the defendant is liable for the

20  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

21  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

22  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

23  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24                                    Screening Order

25         Plaintiff alleges the following.  Defendant correctional officer Thorntona approached

26  plaintiff's cell door at approximately 4:10 p.m. on April 30, 2023 during "feeding time."  ECF

27  No. 13 at 5.  Plaintiff was experiencing suicidal ideations and yelled multiple times for help.  *Id.*

28  Thorntona ignored plaintiff's "pleas for assistance" for 20 minutes.  *Id.*

2

1    Defendant correctional officer Stephens arrived, and plaintiff informed him of his urgent

2    need for medical attention.  *Id.*  Stephens apologized, admitting that he should have been

3    monitoring plaintiff but was otherwise engaged.  *Id.*

4    Defendant correctional officer Xiong "was in proximity and could hear plaintiff's cries for

5    help but also failed to respond appropriately."  *Id.*

6    Defendants "violated D.O.M. policies by failing to secure plaintiff in restraints, failing to

7    start a holding log, and failing to involve mental health personnel upon being informed of

8    plaintiff's suicidal ideations."  *Id.* at 2.  Plaintiff seeks to impose supervisory liability on

9    defendants Sergeant Akins, Gavin Newsom, Jeff Lynch, and the County of Sacramento.  *Id.*  He

10    alleges that he "suffered physical and emotional injuries" as a result of the incident but does not

11    further elaborate on those injuries.  *Id.* at 6.

12    Plaintiff asserts claims under the Eighth Amendment, the Americans with Disabilities Act

13    ("ADA"), the Rehabilitation Act ("RA"), and California law.

14    To succeed on an Eighth Amendment claim predicated on indifference to medical needs, a

15    plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to

16    that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

17    *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

18    treat the condition could result in further significant injury or the unnecessary and wanton

19    infliction of pain.  *Jett*, 439 F.3d at 1096.  To act with deliberate indifference, a prison official

20    must both be aware of facts from which the inference could be drawn that a substantial risk of

21    serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837

22    (1994).

23    Plaintiff's allegations fail to state a cognizable claim for deliberate indifference in

24    violation of the Eighth Amendment.  Plaintiff does not allege that he was denied care for his

25    suicidal ideations, but only that such care was delayed by 20 minutes.  Where a prisoner alleges

26    that delay of medical treatment evinces deliberate indifference, he must also allege that the delay

27    led to further injury.  *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) ("Plaintiffs could

28    not prove an Eighth Amendment violation because they have not demonstrated that delays

3

1   occurred to patients with problems so severe that delays would cause significant harm and that

2   Defendants should have known this to be the case."); *Shapley v. Nev. Bd. of State Prison*

3   *Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam) (holding that a mere delay of surgery

4   did not give rise to an Eighth Amendment claim unless the delay was harmful).  Plaintiff's

5   complaint lacks facts that would show that he suffered greater harm due to the 20-minute delay

6   than he would have if there had been no delay.  In addition, plaintiff's conclusory allegation that

7   he suffered "physical and emotional injuries" is insufficient to support a deliberate indifference

8   claim, he must state the injuries he suffered as a result of defendants' conduct.  *Id.*

9        The ADA prohibits public entities, which include state prisons, from discriminating

10   against qualified disabled individuals by excluding them from or denying them the benefits of

11   services, programs, or activities of the public entities.  42 U.S.C. § 12132; *Duffy v. Riveland*, 98

12   F.3d 447, 455-56 (9th Cir. 1996).  To allege a violation of the ADA, a plaintiff must state facts

13   showing that (1) he is disabled; (2) he is otherwise qualified to participate; (3) the defendant

14   prevented his participation in or denied him the benefits of a service, program, or activity or

15   otherwise subjected him to discrimination; (4) the defendant's decision was based on plaintiff's

16   disability.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

17        Section 504 of the RA provides: "No otherwise qualified individual with a disability . . .

18   shall, solely by reason of her or his disability, be excluded from the participation in, be denied the

19   benefits of, or be subjected to discrimination under any program or activity receiving Federal

20   financial assistance[.]"  29 U.S.C. § 794.  To state a § 504 claim, a plaintiff must allege facts

21   showing that (1) he is an individual with a disability; (2) he is otherwise  qualified to receive the

22   benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4)

23   the program receives federal financial assistance.  *Updike v. Multnomah Cty.*, 870 F.3d 939, 949

24   (9th Cir. 2017).

25        Courts analyze ADA and Rehabilitation Act claims together because the statutes provide

26   identical remedies, procedures and rights, and the cases interpreting either are interchangeable.

27   *Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018) (internal quotation marks

28   omitted); *Douglas v. Cal. Dep't of Youth Auth.*, 285 F.3d 1226, 1229 n.3 (9th Cir. 2002) (internal

4

1    quotation marks omitted).

2        Both the ADA and the Rehabilitation Act apply in the context of correctional facilities and

3    prohibit disabled inmates from being excluded from participation in inmate services, programs, or

4    activities, including medical programs, for which they are otherwise qualified.  *Pierce v. County*

5    *of Orange*, 526 F.3d 1190, 1215 (9th Cir. 2008).  A plaintiff can allege disability discrimination

6    in the provision of inmate services, programs, or activities under the ADA or the Rehabilitation

7    Act by pleading either (1) discrimination based on disparate treatment or impact, or (2) denial of

8    reasonable modifications or accommodations.  *Dunlap v. Ass'n of Bay Area Gov'ts*, 996 F. Supp.

9    962, 965 (N.D. Cal. 1998) ("[T]he ADA not only protects against disparate treatment, it also

10   creates an affirmative duty in some circumstances to provide special, preferred treatment, or

11   'reasonable accommodation.'").

12       Plaintiff asserts that defendants failed to accommodate him in violation of the ADA and

13   Rehabilitation Act.  To plead such a claim, a plaintiff must allege that a public entity knew of

14   plaintiff's disability but failed to provide reasonable accommodations that would allow the

15   plaintiff to access services, programs, etc. that the plaintiff was otherwise qualified to access.  *See*

16   *Robertson v. Las Animas Cnty. Sherriff's Dep't*, 500 F.3d 1185, 1196 (9th Cir. 2007).

17       "[K]ey elements of an ADA or RA claim cannot be reconciled with medical treatment

18   decisions for the underlying disability."  *O'Guinn v. Nev. Dep't of Corr.*, 468 Fed. Appx. 651,

19   653 (9th Cir. 2012).[1]  Thus, a plaintiff's claim that he was discriminatorily denied mental health

20   treatment because of his mental health disability does not lie under the ADA or RA, because the

21   plaintiff needed the treatment only because he was disabled and was not, therefore, "otherwise

22   qualified" to receive the treatment.  *Id.  See also Atayde v. Napa State Hosp.*, 255 F. Supp. 3d

23   978, 1001-02 (E.D. Cal. 2017) (collecting cases).  In some circumstances, a denial of medical

24   care that is "so extreme as to suggest discriminatory refusal to accommodate a disability-related

25   need, such as when a disabled detainee is denied a broad range of medical services beyond those

26   necessary for treating his underlying disability" may state a cognizable ADA and RA claim.

27

28       [1] "A court may not prohibit or restrict the citation of federal judicial opinions …
     designated as 'unpublished' … and issued on or after January 1, 2007."  Fed. R. App. Proc. 32.1.

1    *Atayde*, 255 F. Supp. 3d at 1001-03.

2         Plaintiff's allegations do not meet these standards.  Because he alleges only that

3    defendants' conduct delayed his access to medical care that he needed for his disability, the

4    allegations fail to state a cognizable claim under the ADA or RA.

5         Plaintiff's claims against defendants Lynch, Akins, and Newsom fail because there is no

6    respondeat superior liability under § 1983, and plaintiff's complaint lacks allegations showing the

7    personal involvement of any of these defendants in the incident or some wrongful conduct on the

8    part of these defendants that bears a sufficient causal connection to the incident.  *Felarca v.*

9    *Birgeneau*, 891 F.3d 809, 819–20 (9th Cir. 2018) ("An official may be liable as a supervisor only

10   if either (1) he or she was personally involved in the constitutional deprivation, or (2) a sufficient

11   causal connection exists between the supervisor's wrongful conduct and the constitutional

12   violation.").

13        Plaintiff has also failed to state facts sufficient to impose liability on the County of

14   Sacramento.  "[T]o establish municipal liability, a plaintiff must show that a 'policy or custom'

15   led to the plaintiff's injury."  *Castro v. County of L.A.*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en

16   banc) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); see also *Endy v. County*

17   *of L.A.*, 975 F.3d 757, 769 (9th Cir. 2020); *Garmon v. County of Los Angeles*, 828 F.3d 837, 845

18   (9th Cir. 2016) ("[P]laintiffs who seek to impose liability on local governments under § 1983

19   must prove that action pursuant to official municipal policy caused their injury." (citations and

20   internal quotation marks omitted)).  The complaint lacks allegations that any defendant acted

21   pursuant to a county policy.

22        This court may exercise supplemental jurisdiction over any state-law claims provided that

23   they "are so related to claims in the action within such original jurisdiction that they form part of

24   the same case or controversy under Article III of the United States Constitution."  28 U.S.C. §

25   1367(a).  Until plaintiff states a cognizable federal claim, the court is without jurisdiction to

26   address his state law claims.

27   ////

28   ////

6

1    Accordingly, the complaint must be dismissed for failure to state a cognizable claim.

2                                    Leave to Amend

3    Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an

4    amended complaint it should observe the following:

5    Any amended complaint must identify as a defendant only persons who personally

6    participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

7    *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

8    constitutional right if he does an act, participates in another's act or omits to perform an act he is

9    legally required to do that causes the alleged deprivation).   The complaint should also describe,

10   in sufficient detail, how each defendant personally violated or participated in the violation of his

11   rights.  The court will not infer the existence of allegations that have not been explicitly set forth

12   in the amended complaint.

13   The amended complaint must contain a caption including the names of all defendants.

14   Fed. R. Civ. P. 10(a).

15   Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See

16   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

17   Any amended complaint must be written or typed so that it so that it is complete in itself

18   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

19   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

20   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

21   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

22   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

23   1967)).

24   Finally, the court notes that any amended complaint should be as concise as possible in

25   fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of

26   procedural or factual background which has no bearing on his legal claims.

27   ////

28   ////

7

1    Conclusion

2        Accordingly, IT IS ORDERED that:

3    1.   Plaintiff's application to proceed in forma pauperis (ECF No. 4) is GRANTED;

4    2.   Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

5    accordance with the notice to the California Department of Corrections and

6    Rehabilitation filed concurrently herewith;

7    3.   Plaintiff's amended complaint (ECF No. 13) is DISMISSED with leave to amend

8    within 30 days of service of this order; and

9    4.   Failure to comply with this order may result in dismissal of this action for the

10    reasons stated herein.

11

12    Dated: February 20, 2025

13    EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8